UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL SENSELY,

       Petitioner,

v.                                     CASE NO. 09-14599
                                     HONORABLE MARIANNE O. BATTANI

GERALD HOFBAUER,

       Respondent.
_____/

## OPINION AND ORDER
## DENYING THE HABEAS CORPUS PETITION AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Darryl Sensely is a state prisoner presently confined at the Michigan Reformatory in Ionia, Michigan. He has filed a pro se habeas corpus petition challenging his first-degree murder conviction on the ground that the evidence was insufficient to sustain the trial court's verdict. Respondent Gerald Hofbauer urges the Court through counsel to deny the petition. The Court agrees with Respondent that the state court's finding of sufficient evidence was objectively reasonable. Accordingly, the habeas petition will be denied.

**I. BACKGROUND**

Petitioner was charged in Wayne County, Michigan with first-degree (premeditated) murder. The charge arose from allegations that Petitioner strangled his girlfriend, Armenta White, at her apartment in Detroit on March 23, 2007. The Michigan Court of Appeals accurately summarized the facts leading to the charge as follows:

> In the early morning hours on the day of the incident, Samson Wright agreed to provide defendant, whom he thought was stranded at a gas station, a ride

to an apartment. During the car ride, defendant informed Wright that he had murdered the victim because she had been "cheating" on him with another man. Defendant told Wright that he beat the victim before choking her to death. Wright testified that defendant was laughing as he described the murder and that defendant pointed out emergency vehicles and news trucks near the crime scene in an effort to prove that he had in fact killed the victim. Defendant was eventually arrested and he gave a statement to police in which he confessed to the murder because he was angry that the victim wanted an open relationship with another man. Expert testimony established that the victim was strangled to death with either a forearm or hands to the neck.

People v. Sensely, No. 283054 (Mich. Ct. App. May 14, 2009).

Following a bench trial on November 19, 2007, Petitioner was found guilty of first-degree (premeditated) murder. See Mich. Comp. Laws § 750.316(1)(a). The trial court sentenced Petitioner to mandatory life imprisonment without the possibility of parole. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished per curiam decision, and on September 28, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. See People v. Sensely, 772 N.W.2d 396 (Mich. 2009) (table).

Petitioner filed his habeas corpus petition on November 24, 2009. His only claim is that the trial court erred when it determined that the prosecution proved the elements of first-degree murder beyond a reasonable doubt.

## II. STANDARD OF REVIEW

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme] Court to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

## III. DISCUSSION

Petitioner does not dispute killing Ms. White. He claims instead that there was insufficient evidence to demonstrate that he premeditated the killing.

The trial court concluded that Petitioner was guilty of first-degree murder because he had time to think about what he was doing and because he killed Ms. White out of anger for what she had done. The Michigan Court of Appeals agreed that the evidence supported a finding of premeditated first-degree murder beyond a reasonable doubt.

### A. Legal Framework

When reviewing a sufficiency-of-the-evidence claim, a habeas court must examine "the evidence in the light most favorable to the prosecution" to determine whether "<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." <u>Id</u>. at 324 n.16.

The elements of premeditated murder are that the defendant killed the victim and the killing was willful, deliberate, and premeditated. Mich. Comp. Laws § 750.316(1)(a); <u>People v. Bowman</u>, 656 N.W.2d 835, 841 (Mich. Ct. App. 2002). "To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem. As a number of courts have pointed out, premeditation and deliberation characterize a thought process undisturbed by hot blood." <u>People v. Morrin</u>, 187 N.W.2d 434, 449 (Mich. Ct. App. 1971) (footnotes omitted).

Premeditation and deliberation may be inferred from "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." <u>People v. Schollaert</u>, 486 N.W.2d 312, 318 (Mich. Ct. App. 1992). "A pause between the initial homicidal intent and the ultimate act may, in the appropriate circumstances, be sufficient for premeditation and deliberation." <u>People v. Plummer</u>, 581 N.W.2d 753, 757 (Mich. Ct. App. 1998). "Although there is no specific time requirement, sufficient time must have elapsed to allow the defendant to take a 'second look.'" <u>Id</u>.

**B. Application**

    **1. Prior relationship and Actions before the Killing**

Petitioner had a prior personal relationship with Ms. White, and in his statement to the police, he claimed that, between 6:00 and 8:00 p.m. on the night in question, he confronted Ms. White and the man with whom she was sleeping. He punched the man because Ms. White admitted that she and the man had been "fooling around." Then he (Petitioner) and Ms. White went to Ms. White's apartment and argued for the rest of the evening. About 1:00 a.m., he wanted to cuddle with Ms. White, but she said that he needed to be okay with their relationship. She kept "running her mouth," and he got "really mad that she wanted an open relationship."

Petitioner's close relationship with Ms. White and his anger over White's relationship with another man supplied a motive for the killing. Premeditation and deliberation may be inferred from motive. People v. Youngbood, 418 N.W.2d 472, 475 (Mich. Ct. App. 1988).

### 2. The Circumstances of the Killing

Petitioner informed the police that, when Ms. White had her back to him, he got behind her and started choking her around the neck with his forearm. He continued to squeeze her even after blood came out of her mouth.

The fact that the murder was accomplished by strangling is evidence that the defendant had an opportunity for a "second look." People v. Gonzalez, 664 N.W2d 159, 163 (Mich. 2003). The medical examiner, in fact, testified at Petitioner's trial that strangulation was not an instantaneous process; it can take two minutes or longer depending on the physical characteristics and condition of the person. (Tr. Nov. 19, 2007, at 49-50.) There were no signs of defensive injuries, and it appeared to the medical examiner that someone had used his hands or a forearm from behind or from one side. (Id. at 52-53, 56.)

### 3. Conduct after the Killing

The record indicates that Petitioner left Ms. White's apartment after choking her, but later returned to the house and realized then that Ms. White was dead. He left the house a second time and was picked up by Samson Wright. He told Wright that he had beat and choked his girlfriend because she was cheating on him. As he was saying this, he was laughing about the incident. Petitioner's lack of remorse following the death of his girlfriend is relevant to a determination of whether there was premeditation and deliberation. People v. Paquette, 543 N.W.2d 342, 345 (Mich. Ct. App. 1995).

## IV. CONCLUSION

A rational trier of fact could have concluded from all the evidence, as summarized above, that Petitioner premeditated and deliberated Ms. White's murder. He had a motive, an opportunity, and the ability to commit the murder. He had enough time between his initial argument with Ms. White and the strangulation to take a "second look" at his actions. And the fact that he choked Ms. White after she turned her back to him is an indication that he thought about what he was doing beforehand, even if only momentarily. He had additional time to evaluate what he was doing during the actual strangulation, which likely took at least two minutes, according to the medical examiner. Petitioner's decision to continue strangling Ms. White after blood came out of her mouth suggests that he measured and evaluated what he was doing.

The state appellate court's conclusion – that the evidence supported a finding of first-degree premeditated murder – did not result in an unreasonable determination of the facts and was not contrary to, or an unreasonable application of, *Jackson*. Accordingly, the

petition for writ of habeas corpus [Dkt. #1] is **DENIED**.

**V. Certificate of Appealability**

A "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find the Court's resolution of Petitioner's claim debatable or wrong, nor conclude that the issue warrants encouragement to proceed further. The Court therefore **DECLINES** to issue a certificate of appealability. However, if Petitioner chooses to appeal this decision, he may proceed in forma pauperis on appeal without further authorization because he was permitted to proceed in forma pauperis in this Court. Fed. R. App. P. 24(a)(3).


                          s/Marianne O. Battani
                          MARIANNE O. BATTANI
                          UNITED STATES DISTRICT JUDGE

DATE: September 2, 2010

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, Darryl Sensely, and counsel for the Respondent via ordinary mail and electronic filing.

s/Bernadette M. Thebolt
Case Manager